United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SWAPNIL SURAJ, et al.,
Plaintiffs,

v.

JOSEPH B. EDLOW, et al.,
Defendants.

Case No. 26-cv-02269-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

[Re: ECF No. 15]

Before the Court is Defendants United States Citizenship and Immigration Services (USCIS) and USCIS Director Joseph B. Edlow's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 15 ("Mot."); ECF No. 20 ("Reply"). Plaintiffs Swapnil Suraj and his wife Reshma Asha Gurajala Rajendranaidu oppose the motion. ECF No. 17 ("Opp."). The Court held a hearing on the motion on July 16, 2026. ECF No. 26. For the reasons stated by the Court on the record at the hearing and set forth below, the motion to dismiss is GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

### A. Procedural Background

Plaintiffs are Indian nationals who currently reside in Santa Clara, California on H-1B nonimmigrant status, which is a temporary visa tied to employer sponsorship. Compl. ¶¶ 1–2, 30. On October 15, 2025, Plaintiffs concurrently filed Mr. Suraj's I-526E Immigrant Petition by Regional Center Investor ("I-526E Petition") and both Plaintiffs' I-485 Applications to Register Permanent Residency ("I-485 Applications") (collectively "Applications"). Compl. ¶ 25. On March 16, 2026, Plaintiffs brought this action under the Administrative Procedure Act ("APA"), the Mandamus Act, and the Due Process Clause of the Fifth Amendment, alleging that Defendants

have "unreasonably delay[ed]" adjudicating Plaintiffs' Applications. *Id.* ¶¶ 55–70; *see* 5 U.S.C. § 706; 28 U.S.C. § 1361; U.S. Const. amend. V. Plaintiffs seek relief in the form of a court order mandating the adjudication of Plaintiffs' Applications within 60 days. Compl. ¶ 54. Plaintiffs also seek costs and fees under the Equal Access to Justice Act. Compl. ¶¶ 71–74; 28 U.S.C. § 2412.

On May 29, 2026, Defendants moved to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim. On the issue of subject matter jurisdiction, Defendants make a number of arguments as to why the Court lacks jurisdiction over Plaintiffs' claims as to their I-526E Petition and, separately, their I-485 Applications. Defendants first contend that a provision of the Immigration Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), both by itself and in relation to section 701 of the APA, deprives this Court of subject matter jurisdiction over Plaintiffs' claims with respect to their I-526E Petition. Mot. at 8–10; 5 U.S.C. § 701(a). Also as to Plaintiffs' I-526E Petition, Defendants argue that Plaintiffs' claim under section 706(1) of the APA is insufficient to "tether subject matter jurisdiction . . . to the APA." Mot. at 10; *see* 5 U.S.C. § 706(1). As to Plaintiffs' I-485 Applications, Defendants contend that this Court lacks subject matter jurisdiction because Plaintiffs' delay-of-adjudication claims are not ripe. Mot. at 10–11. Finally, Defendants aver that Plaintiffs fail to state a due process claim. *Id.* at 11–12. Plaintiffs contest dismissal on subject matter jurisdiction grounds but do not oppose dismissal of the due process claim without prejudice.

**B. Statutory Background**

**I. The EB-5 Immigrant Investor Visa Program**

The INA establishes a multi-step process for those seeking lawful permanent residency status in the United States. *See* 8 U.S.C § 1154(a) (defining the visa petition process); 8 U.S.C. § 1255 (defining the process of adjustment to permanent resident status). The first step requires an applicant to obtain an approved visa petition. *See* 8 U.S.C § 1154(a). The second step requires an individual with such a petition to apply for an adjustment of status using a Form I-485. *See* 8 U.S.C § 1255; 8 C.F.R § 1245.2(a)(3)(ii).

The EB-5 Program, "so-named because it is the fifth employment-based visa category available to foreign nationals," *Mirror Lake Village, LLC v. Wolf,* 971 F.3d 373, 374 (D.C.

Cir. 2020), is one pathway through which an applicant can seek an approved visa petition. *See* 8 U.S.C. § 1153(b)(5). The EB-5 Program provides a path to lawful permanent residency for foreign nationals whose investments "creat[e] full-time employment" in the United States. *Id.* § 1153(b)(5)(A)(ii). To qualify for the EB-5 Program, an applicant must invest $1,050,000 or more in a new commercial enterprise that creates at least ten full-time jobs in the United States. *Id.* §§ 1153(b)(5)(A)(ii), 1153(b)(5)(C)(i). If a foreign national invests in certain high-priority areas, the minimum required investment is reduced to $800,000. *Id.* § 1153(b)(5)(C)(ii). The applicant must then petition USCIS for classification as an EB-5 investor using either a Form I-526 or a Form I-526E, the latter of which is used to delineate investments made in a USCIS-designated regional center. 8 C.F.R. § 204.6(a); USCIS Policy Manual Vol. 6, Part G, Ch. 3.[1] Form I-526E petitions are processed "in a manner and order established by the Secretary [of Homeland Security]." 8 U.S.C. § 1153(b)(5)(E)(ii)(II).

Prior to 2022, a foreign national could not proceed to step two of the lawful permanent residency process—applying for an adjustment of status using a Form I-485—until USCIS had approved his Form I-526 or I-526E. *See Gutta v. Renaud*, No. 20-cv-06579-DMR, 2021 WL 533757, at *2 (N.D. Cal Feb. 12, 2021). In passing the EB-5 Reform and Integrity Act of 2022 ("RIA"), Congress authorized the concurrent filing of the Form I-526E and the Form I-485 when the approval of the Form I-526E "would make a visa immediately available to the alien." *See* Pub. L. No. 117-103, 136 Stat. 1070, 1075 (2022) (codified at 8 U.S.C. § 1255(n)). However, even if an applicant files both forms concurrently, USCIS still adjudicates them sequentially. *See Pandya v. Edlow*, No. 26-cv-00016-SK, 2026 WL 1694669, at *1 (N.D. Cal June 10, 2026). In other words, approval of a foreign national's Form I-526E is a condition precedent to the adjudication of his Form I-485.

## II. Judicial Review Under the INA and the APA

The judicial review of removal orders is governed by section 1252 of the INA. *See* 8 U.S.C. § 1252. As relevant here, section 1252 states that "no court shall have jurisdiction to

[1] A current version of the USCIS Policy Manual can be found at: https://www.uscis.gov/policy-manual/volume-6-part-g-chapter-3.

United States District Court
Northern District of California

review" the following:

> (i) any judgment regarding the granting of relief . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be *in the discretion of the Attorney General or the Secretary of Homeland Security,* other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).

The judicial review of agency actions is governed by section 706 of the APA, which states that a reviewing court shall:

> (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]

5 U.S.C. § 706(1), (2)(A).

However, under section 701(a) of the APA, a court may not act pursuant to section 706 if a "statute[ ] preclude[s] judicial review" of the relevant agency action. *Id.* § 701(a)(1).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original "federal question" jurisdiction exists in a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is circumscribed by ripeness doctrine, which derives "both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 662 (9th Cir. 2002) (quoting *Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 57 n.18 (1993)). A claim is not ripe for judicial resolution "if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* at 662 (quoting *Texas v. United States,* 523 U.S. 296, 300 (1998)).

A motion to dismiss for lack of subject matter jurisdiction made pursuant to Fed. R. Civ. P. 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Defendant's motion is a facial one, so the Court assumes Plaintiffs' factual allegations to be true and draws all reasonable inferences in Plaintiffs' favor. *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

A defendant may also move to dismiss if the plaintiff "fail[s] to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

Defendants principally argue that the Court lacks subject matter jurisdiction. Plaintiffs brought this action against Defendants under the APA, 5 U.S.C. § 706, and the Mandamus Act, 28 U.S.C. § 1361, for unreasonably delaying the adjudication of their I-526E Petition and I-485 Applications. Defendants first contend that 8 U.S.C. § 1252(a)(2)(B)(ii) withdraws jurisdiction, both itself and under section 701 of the APA, over Plaintiffs' claims as they relate only to their I-526E Petition. As to Plaintiffs' claims concerning their I-485 Applications, Defendants argue that this Court lacks subject matter jurisdiction because Plaintiffs' claims are not ripe. The Court addresses each issue in turn.

### A. Subject Matter Jurisdiction Over Plaintiffs' I-526E Claims

#### 1. INA - 8 U.S.C. § 1252(a)(2)(B)(ii)

With respect to Plaintiffs' I-526E Petition only, Defendants first argue that 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of subject matter jurisdiction over Plaintiffs' claims. Mot. at 8–9. Under that statute, no court shall have jurisdiction to review "any other decision or action . . . *in the discretion of* the Attorney General or the Secretary of Homeland Security[.]" 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). Defendants argue that the adjudication of I-526E petitions is a discretionary act because, under 8 U.S.C. § 1153(b)(5)(E)(ii)(II), Defendants "*may* process [I-526E] petitions in a manner and order established by the Secretary." *See* Mot. at 8; 8 U.S.C. § 1153(b)(5)(E)(ii)(II) (emphasis added). According to Defendants, this language places the I-526E claims "squarely within the jurisdictional bar of [section 1252]." Reply at 2.

In response, Plaintiffs reject this characterization and instead contend that the language of section 1153 "presupposes processing." Opp. at 7. In their view, the phrase "manner and order" affords Defendants discretion over how processing occurs, but "does not authorize leaving a petition untouched." *Id.* Because "an agency that has issued no decision had exercised no

United States District Court
Northern District of California

discretion for the statute to insulate," Plaintiffs argue that section 1252 does not strip this Court of subject matter jurisdiction. *Id.* at 4.

In support of their position, Plaintiffs point to a suite of recent decisions, including several in this District, which hold that section 1252(a)(2)(B)(ii) does not bar judicial review of claims challenging USCIS's failure to adjudicate applications. *See* Opp. at 4 (collecting cases); *see also Narayan v. Edlow*, No. 25-cv-11000-SVK, 2026 WL 1050227, at *1–2 (N.D. Cal. Apr. 16, 2026); *Wang v. Edlow*, No. 25-cv-10689-SVK, 2026 WL 1021204, at *4–5 (N.D. Cal. Apr. 15, 2026); *Gao v. Mullin*, No. 25-cv-01479-SVK, 2026 WL 948665, at *2–5 (N.D. Cal. Apr. 8, 2026); *Pimpalkhute v. Edlow*, No. 25-cv-2433-BJR, 2026 WL 1283512, at *3–4 (W.D. Wash. May 11, 2026); *Komma v. Edlow*, No. 25-cv-3702 DJC AC PS, 2026 WL 1113887, at *3 (E.D. Cal. Apr. 24, 2026). These courts found section 1252 inapposite because that provision only precludes judicial review of *discretionary* decisions, and the Government's duty to adjudicate immigration applications is *non*-discretionary. *See, e.g.*, *Komma*, 2026 WL 1113887, at *3 ("[W]hile Defendants have the discretion to grant or deny Plaintiff's I-485 Application, they have a mandatory duty to act upon it within a reasonable time, and the court has jurisdiction to consider whether or not the government met its mandatory duty.") (citation and internal quotation marks omitted).

The Court finds that this reasoning applies with full force to Plaintiffs' I-526E claims although, as Defendants correctly point out, the cases that Plaintiffs rely on concern only I-485 applications. *See* Reply at 2. Irrespective of whether a claim concerns an alleged delay over the adjudication of an I-485 application or an I-526E petition, "nothing about [the Government's] duty [to act] . . . depends on which immigration form is at issue." *Dinh v. Edlow*, No. 26-cv-02697-TSH, 2026 WL 2001155, at *5 (N.D. Cal. July 10, 2026). This is because adjudication is a non-discretionary duty based in section 555(b) of the APA. *See* 5 U.S.C. § 555(b) ("[W]ithin a reasonable time, each agency *shall* proceed to conclude a matter presented to it.") (emphasis added). In other words, although the Government is free to make a substantive adjudication using the methods and policies of its choosing, it may not forego adjudication all together. Other courts in this District are in accord in concluding that the Court has jurisdiction to consider pace-of-

adjudication claims concerning I-526E petitions. *See Dinh*, 2026 WL 2001155, at *5 ("[T]he reasoning of cases addressing I-485 petitions extends to Form I-526E petitions like this one, where Plaintiffs allege USCIS has failed to adjudicate their petitions."); *Mamaduru v. Edlow*, No. 26-cv-01820-SVK, 2026 WL 2033087, at *4–5 (N.D. Cal. July 14, 2026) (finding that the court had jurisdiction because there was "no reason to treat I-526E petitions any differently" than cases involving alleged delays in adjudicating other immigration applications).

Defendants implicitly recognize this distinction by relying on *Bouarfa v. Mayorkas*, 604 U.S. 6 (2024), and *Chairez v. Mayorkas*, 168 F.4th 1227 (9th Cir. 2026), to support their position. Mot. at 8–9. Defendants are correct that both the Supreme Court and the Ninth Circuit found that section 1252's jurisdiction-stripping provision precluded judicial review. But in those cases, as Plaintiffs correctly point out, the Government had *already* adjudicated a matter within its discretion, which is the relief that Plaintiffs seek here. *See* Opp. 5, 8; *Bouarfa*, 604 U.S. at 11–12 (explaining that USCIS revoked its prior approval, and the Board of Immigration Appeals affirmed that revocation); *Chairez*, 168 F.4th at 1230 ("In 2023, USCIS issued new decisions denying Plaintiff's application both for a U visa and for a waiver of inadmissibility."). As such, the Court finds these authorities distinguishable from the matter here, which concerns Defendants' failure to adjudicate. Other courts are in accord. *See Dinh*, WL 2001155, at *4 (distinguishing the plaintiffs' unreasonable delay claim from the claims at issue in *Chairez*, which concerned a "final decision").

**2. APA - 5 U.S.C. § 701(a) and 5 U.S.C. § 706(1)**

Defendants next argue that this Court lacks subject matter jurisdiction over Plaintiffs' APA claim as to their I-526E Petition because section 701(a) of that statute withdraws judicial review. Mot. at 9 (citing 5 U.S.C. § 701(a)). Section 701(a) provides that: "This chapter applies, according to the provisions thereof, except to the extent that— (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." *See* 5 U.S.C. § 701(a). In Defendants' view, 8 U.S.C. § 1252(a)(2)(B)(ii) is the statute that precludes judicial review of this case. The Court disagrees. As articulated above, because section 1252 of the INA only precludes judicial review of discretionary actions, and Defendants' duty to adjudicate is non-discretionary, the Court

United States District Court
Northern District of California

finds that it has subject matter jurisdiction over pace-of-adjudication claims such as this one.

Defendants also contend that "Plaintiffs' attempt to tether subject matter jurisdiction . . . to the APA" also fails as it relates to Plaintiffs' I-526E Petition because Plaintiffs cannot meet the standard required for a section 706(1) claim to proceed. Mot. at 10. Under *Norton v. S. Utah Wilderness All.*, a claim under section 706(1) can proceed only if a plaintiff can show that the Government failed to take a "*discrete* agency action that it is *required to take*." 542 U.S. 55, 64 (2004) (emphasis in original). Defendants argue that, since there is "no requirement that [Defendants] take the discrete action sought, namely, adjudication of [Plaintiffs'] Form I-526E petition within 60 days," Plaintiffs' claim necessarily fails under *Norton.* Mot. at 10.

The Court is not persuaded. Defendants appear to conflate the specific relief that Plaintiffs pray for with Plaintiffs' actual section 706(1) claim. Plaintiffs nowhere maintain that Defendants are obligated to adjudicate their I-526E Petition within 60 days. That time frame comes from Plaintiffs' requested relief, which is an order requiring adjudication "within 60 days of the filing of this complaint, or within a reasonable period of time determined by this Court." Compl. ¶ 77.

Defendants do not object to Plaintiffs' contention that they filed their I-526E Petition properly and in good faith. *Id.* ¶ 42. Therefore, because Defendants have a non-discretionary duty to "conclude a matter presented" to them—namely the adjudication of Plaintiffs' I-526E Petition— "within a reasonable time," the Court concludes that it has subject matter jurisdiction over Plaintiffs' APA claim, as it relates to the I-526E Petition. *See* 5 U.S.C. § 555(b).

**B. Subject Matter Jurisdiction Over Plaintiffs' I-485 Claims**

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiffs' claims with respect to their I-485 Applications because those claims are not yet ripe. Mot. at 10–11. The crux of Defendants' argument is that USCIS cannot adjudicate a foreign national's I-485 application until his I-526E petition has been approved. *Id.* at 11. Because Plaintiffs' I-526E Petition had "not been adjudicated, much less approved" at the time Plaintiffs brought this action, Defendants contend that Plaintiffs' I-485 claims are unripe. *Id.*

A claim is not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. at 300 (citation and

internal quotation marks omitted). Ripeness is evaluated at the time the complaint is filed. *See Gutta*, 2021 WL 533757, at *4 ("Ripeness, like standing, is evaluated at the time the action is commenced.") (citation and internal quotation marks omitted).

At the hearing, Defendants brought to the Court's attention a similar case decided recently in this District, *Mamaduru v. Edlow*, No. 26-cv-01820-SVK, 2026 WL 2033087, at (N.D. Cal. July 14, 2026). There, as here, the plaintiffs brought an action challenging the Government's failure to timely adjudicate their I-526E petitions and I-485 applications. *Id.* at *1. The Government moved to dismiss that action for the same reasons articulated in this case, including by arguing that the I-485 claims were unripe. *Id.* The *Mamaduru* court agreed with the Government and dismissed the plaintiffs' I-485 claims on the ground that the plaintiffs' "I-485 Applications [may] be entitled to immediate approval *if* their I-526E Petitions are approved," but "the approval of the I-526E Petitions themselves remains an uncertain, contingent future event." *Id.* at *7 (emphasis in original).

The Court is persuaded by the reasoning in *Mamaduru*. Although Congress specifically authorized the concurrent filing of I-526E petitions and I-485 applications in 2022, that fact does not alter the requirement that a foreign national's I-526E petition be approved before his I-485 application can be adjudicated. *See Pandya*, 2026 WL 1694669, at *1 (noting the sequential adjudication of the I-526E petition, followed by the I-485 application); *see also* Pub. L. No. 117-103, 136 Stat. 1070, 1075 (2022) (codified at 8 U.S.C. § 1255(n)). Because Plaintiffs' I-526E Petition has not been adjudicated, their I-485 claims necessarily "rest[] upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas*, 523 U.S. at 300. As such, the Court finds that Plaintiffs' I-485 claims are unripe and are accordingly subject to dismissal.

* * *

Because the Court has subject matter jurisdiction over Plaintiffs' I-526E claims, the Defendants' motion to dismiss is DENIED as to the I-526E Petition. Because the Court finds that Plaintiffs' I-485 claims are unripe, the Defendants' motion to dismiss is GRANTED as to the I-485 Applications.

**C. Subject Matter Jurisdiction Conferred by the Mandamus Act**

As an alternative if the Court agreed with Defendants' position on the applicability of 8 U.S.C. § 1252(a)(2)(B)(ii), Plaintiffs argue that the Mandamus Act, 28 U.S.C. § 1361, independently confers jurisdiction over Plaintiffs' APA claim. Opp. at 9. The Court need not reach Plaintiffs' alternative argument because, as to Plaintiffs' I-526E Petition, the Court finds that it has subject matter jurisdiction over Plaintiffs' APA claim. As to Plaintiffs' I-485 Applications, even if the Court agreed that the Mandamus Act separately conferred jurisdiction, that finding would not cure the jurisdictional defect: the unripeness of Plaintiffs' I-485 claims.

**D. Failure to State a Due Process Claim**

Finally, Defendants contend that Plaintiffs fail to state a claim under the Due Process Clause of the Fifth Amendment. Mot. at 11–12. Plaintiffs do not contest dismissal of the due process claim without prejudice. Opp. at 16. Given Plaintiffs' position, the Court need not address the merits of Defendants' arguments, and Plaintiffs' due process claim is DISMISSED without prejudice.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is GRANTED as to Plaintiffs' due process claim. Plaintiffs' due process claim is DISMISSED without prejudice.
2. Defendants' motion to dismiss is DENIED as to Plaintiffs' claims regarding their I-526E Petition under the APA, Mandamus Act, and Equal Access to Justice Act.
3. Defendants' motion to dismiss is GRANTED as to Plaintiffs' claims regarding their I-485 Applications under the APA, Mandamus Act, and Equal Access to Justice Act.

Dated: July 29, 2026

BETH LABSON FREEMAN
United States District Judge